United States District Court
Southern District of Texas

**ENTERED**

June 26, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **VICTOR GENARO BAUTISTA-MEDINA,** | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **1:26-cv-551** |
| | § | |
| **MIGUEL VERGARA**, in his official capacity, Field Office Director of Enforcement and Removal Operations, *et al.*, | § | |
| Respondents. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Petitioner Victor Genaro Bautista-Medina's "Petition for Writ of Habeas Corpus" (Bautista-Medina's "§ 2241 Petition"). Dkt. No. 1. For the reasons discussed below, it is recommended that the Court: (1) **DENY** Bautista-Medina's § 2241 Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

Bautista-Medina, a citizen of Honduras, is in immigration custody at El Valle Detention Facility ("El Valle") located in Raymondville, Texas. Dkt. No. 1 at 9. In his § 2241 Petition, Bautista-Medina states that he has been detained at El Valle since April 21, 2026. *Id.* at 9. The Department of Homeland Security ("DHS") subsequently placed Bautista-Medina into removal proceedings, detaining him under 8 U.S.C. § 1225(b)(2)(A) (hereinafter, "§ 1225(b)(2)(A)"). *Id.* at 11. As a result, Bautista-Medina remains in detention pending his removal proceedings.

---

[1] Information obtained from Bautista-Medina's § 2241 Petition. *See* Dkt. No. 1. Bautista-Medina's A-number is A-234515627, and his country of origin is Honduras. Dkt. No. 1 at 1, 9.

## II.    LEGAL STANDARDS

### A.    28 U.S.C. § 2241

Under 28 U.S.C. § 2241, Congress authorized district courts to resolve habeas petitions, including immigration-detention cases.  28 U.S.C. § 2241(a), (c)(1), (c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).  Habeas exists solely to "grant relief from unlawful imprisonment or custody."  *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).  Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

### B.    28 U.S.C. § 1225(b)(2)(A)

Under § 1225(b)(2)(A), in the case of an alien who is an applicant for admission, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under § 1229a[.]"  When an alien is held under § 1225(b)(2)(A), the statute mandates detention pending the resolution of the alien's removal proceedings, subject to certain narrow exceptions[2].  *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).

Under 8 U.S.C. 1226(a) (hereinafter, "§ 1226(a)"), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  Unlike § 1225(b)(2)(A), § 1226(a) allows, but

---

[2] The Secretary of Homeland Security may temporarily parole into the United States "any alien applying for admission" on a "case-by-case basis for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A); *see Biden v. Texas*, 597 U.S. 785, 806 (2022). However, once the purposes of the parole have been served, the alien must immediately be returned to custody, and his case "shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A).

does not require, the Attorney General to release detained aliens on bond.  28 U.S.C. § 1226(a)(2)(A)–(B).

On February 6, 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).  *Buenrostro-Mendez* held, as a matter of statutory interpretation, that DHS properly classified and detained noncitizens who are not admitted to the United States under § 1225(b)(2)(A).  *Buenrostro-Mendez*, 166 F.4th at 502.  The Fifth Circuit held that "presence without admission deems the [aliens] to be applicants for admission." *Id.* Further, the Fifth Circuit held that "seeking admission" is equivalent to being an "applicant for admission" by operation of law.  *Id.*  As a result, aliens who do not show "clearly and beyond a doubt that" they are entitled to be admitted to the United States "shall be detained." *See id.* (citing 8 U.S.C. § 1225(b)(2)(A)).

However, while *Buenrostro-Mendez* forecloses any statutory claim that might be raised with respect to an alien's detention under § 1225(b)(2)(A), it does not address any constitutional claims relating to the alien's detention under the statute.  Accordingly, a court considering a habeas petition seeking relief with respect to § 1225(b)(2)(A) must still review any constitutional claims raised by a petitioner.

## C.    *Demore v. Kim*

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993).  However, the Supreme Court has recognized that detention during deportation proceedings is a constitutionally valid aspect of the deportation process.  *Demore v. Kim*, 538 U.S. 510, 523 (2003); *see also Wong Wing v. United States*, 163 U.S. 228, 235 (1896); *see also Zadvydas v. Davis*, 533 U.S. 678, 697 (2001).

The Supreme Court reasoned that detention pending an alien's removal proceedings "serves the purpose of preventing deportable criminal aliens from fleeing prior to or during

their removal proceedings." *Demore*, 538 U.S. at 528.  Further, the Supreme Court rejected the petitioner's arguments that mandatory detention was unnecessary to prevent aliens from absconding during removal proceedings, stating that "the Due Process Clause does not require [the Government] to employ the least burdensome means to accomplish its goal." *Id*.


## III.    DISCUSSION

In his § 2241 Petition, Bautista-Medina claims his continued detention by the Government violates the Fifth Amendment Due Process Clause, stating that his due process rights are violated by being detained without "a bond under § 1226(a)".  Dkt. No. 1 at 11.

### A.    Bautista-Medina is properly detained under § 1225(b)(2)(A), as he is an "applicant for admission".

Bautista-Medina's Fifth Amendment Due Process claim challenges his detention under § 1225(b)(2)(A), arguing that he should be detained under § 1226(a).  Dkt. No. 1 at 11. However, in light of the Fifth Circuit's ruling in *Buenrostro-Mendez*, the Court finds that Bautista-Medina is properly classified under § 1225(b)(2)(A).

Bautista-Medina states that he initially entered the United States in 2014 as an unaccompanied minor.  *Id*. at 9.  Critically, Bautista-Medina does not argue that he was admitted to the United States prior to his detention.  Bautista-Medina relies on his prolonged presence in the United States to justify his eligibility for bond.  As previously discussed, the Fifth Circuit in *Buenrostro-Mendez* held that "presence without admission deems the [aliens] to be applicants for admission."  166 F.4th at 502.  Further, "[a]n alien present in the United States who has not been admitted or who arrives in the United States […] shall be deemed for the purposes of this chapter an applicant for admission."  8 U.S.C. § 1225(a)(1).

Bautista-Medina, then, appears to be properly classified as "an applicant for admission" who is "seeking admission" under § 1225(b)(2)(A); DHS "shall detain" Bautista-Medina pending his removal proceedings.

**B.    Bautista-Medina's continued detention does not violate the Fifth Amendment's Due Process Clause, as detention during removal proceedings is constitutionally permissible.**

The Court must then determine whether Bautista-Medina's continued detention violates his due process rights.  Here, Bautista-Medina is being detained pending his removal proceedings. Dkt. No. 1 at 9. However, Bautista-Medina asserts that his § 2241 Petition should not be denied because he raises an independent constitutional challenge that "mandatory detention violates his right to due process." *Id.* at 10.  Bautista-Medina claims his detention is unwarranted, stating "detaining [Bautista-Medina] without an individualized assessment of his flight risk and dangerousness deprives him of his constitutional right to procedural due process." *Id.* at 8.

As discussed above, Bautista-Medina's detention is proper under § 1225(b)(2)(A). The Court must then evaluate whether Bautista-Medina's detention pending his removal proceedings violates his Due Process rights.  The Court finds the Supreme Court's *Demore* decision controlling in this instance.  While the *Demore* decision focused on § 1226(c), requiring mandatory detention for aliens convicted of one of a specified set of crimes, the Supreme Court did not rely on a prior criminal conviction in reaching its decision.  Instead, the Supreme Court focused on the Government's interest in ensuring that aliens did not abscond prior to or during their removal proceedings.  *Id.* at 528.  Further, it explicitly addressed the constitutional validity of mandatory detention during removal proceedings. *Id.* at 531.  The Court, then, finds that same reasoning applies to Bautista-Medina's detention under § 1225(b)(2)(A).

The Court finds that Bautista-Medina's continued detention under § 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment. Accordingly, Bautista-Medina's § 2241 Petition should be denied.

## IV.    RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DENY** Bautista-Medina's § 2241 Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V.    NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **26th** day of **June, 2026** at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**